```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DARIN JONES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY JAIL C.F.C.F., et al. | : | NO. 13-2366 |

**M E M O R A N D U M**

**SLOMSKY, J.**                             **AUGUST     , 2014**

        Plaintiff was given leave to file an amended complaint by Order dated March 13, 2014. Plaintiff has submitted an unsigned amended complaint (Document No. 16) against members of the staff at the Curran-Fromhold Correctional Facility. In his 42 U.S.C. § 1983 amended complaint, he is alleging that he was injured when he fell from the top of a bunk bed, which did not have a ladder or a step to allow him to get in and out of the bed. He is seeking money damages.

        For the following reasons, plaintiff's amended complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. DISCUSSION**

        In order to bring suit under § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in the complaint that would allow this Court to find that the defendants have violated plaintiff's constitutional rights.

        Even assuming arguendo that prison officials were negligent because the bunk bed did not have a ladder or a step,

negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. See Davidson v. Cannon, 474 U.S. 344, 347 (1986); Daniels v. Williams, 474 U.S. 327, 328 (1986). Furthermore, plaintiff was given medical treatment for his injuries immediately after he fell.

## II. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate. An order dismissing this amended complaint follows.